IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA McCLINTON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL NO. 3:15-CV-2520-N-BK | |
| § | | |
| QUEST DIAGNOSTICS, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action was automatically referred to the United States Magistrate Judge. Plaintiff filed this *pro se* employment discrimination complaint against her former employer, Quest Diagnostics. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, it is recommended that this case be summarily dismissed.

**I. BACKGROUND**

In July 30, 2015, Plaintiff filed a complaint asserting in its entirety that she "was wrongfully terminated 2 times, [and] retaliated against and harassed." Doc. 3 at 1. With the complaint, she submitted over 59 pages of attachments, including the charge of discrimination submitted to the U.S. Equal Employment Opportunity Commission (EEOC), and correspondence, pleadings, and e-mails related to a Texas Workforce Commission appeal. Doc. 3 at 2-60. In response to the Court's request to file an amended complaint that met the requirements of Federal Rule of Civil Procedure 8(a), Plaintiff filed a pleading stating only:

> On 12-12-12, I was wrongfully terminated. I was rehired back into the company on 2/25/13. I was retaliated agint, harassed, followed around. Employees with 20 or more years of service have been terminated. On 3/7/14, I was terminated again. I haven't been able to keep a job for the company bad mouthing me

>because of the situations.  I have witnesses that can verify this.  After I left the company, I was still being harassed.  Being followed around, phones tapped and my bank account was monitor.  They lied to TWC about my years of service.  My witness, Patricia Kimbrough was terminated for being truthful.  The way the African Americans are treated is awful.  I had to move out of my apartment because the landlord was letting somebody in.

Doc. 10 at 1.

The Court then issued a questionnaire inquiring about the factual basis for Plaintiff's claims.  Along with the answers to the questionnaire, Doc. 12 at 1-8, Plaintiff submitted 100 pages of attachments, which include a copy of the May 1, 2015 EEOC dismissal and notice of right to sue and many of the exhibits previously filed with the original complaint.  Doc. 12 at 9-108

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiffs' filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's complaint is frivolous and/or fails to state a claim on which relief can be granted.

In her amended complaint, Plaintiff asserts that she was wrongfully terminated, rehired, and terminated again because of her race. Doc. 10 at 1; Doc. 3 at 1. Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions ... because of such individual's race, color ... or national origin." 42 U.S.C. § 2000e–2(a). Plaintiff, however, has pleaded no facts that establish a prima facie claim of discrimination. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr*., 245 F.3d 507, 512–513 (5th Cir. 2001) (plaintiff makes a prima facie case if she establishes that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the protected class or that similarly-situated individuals outside the protected class were treated more favorably).

Here, the amended complaint only alleges "[t]hat the way African Americans are treated is awful." In answer to the Court's request to identify the adverse employment action(s) that is the basis for her claim, Plaintiff merely adds: "99% of the African Americans are terminated

with 25 and up years of service." Doc. 12 at 4.  Moreover, when asked to identify each type of discrimination involved in her case, Plaintiff only avers:

> Dec. 26, 2013 – Specimen was put in my trash.
> This is they [sic] number one way of letting people go.  Yes, it is done to African Americans.
> July 2, 13 Mary Adams threw a tape at me.
> I was mistreated whenever I didn't stay until the work was finished.  I have seen this done to all African Americans.

Doc. 12 at 5.  Additionally, when requested to state all facts upon which she relied to establish each type of discrimination, Plaintiff failed to do so and simply states "See Attachments." Doc. 12 at 6.  Based on the above, the Court concludes Plaintiff has wholly failed to plead any facts from which it can be inferred that she was replaced by or treated differently than a similarly-situated employee outside her protected class.  Again, her "unadorned" belief that she was terminated due to race is plainly insufficient to state a claim for relief.

Plaintiff's retaliation claim fares no better.  She does not assert that she was participating in any activity protected under Title VII when she was terminated.  *See Gee v. Principi,* 289 F.3d 342, 345 (5th Cir. 2002) (to state a Title VII retaliation claim, the plaintiff must allege facts that tend to establish:  (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action).  Indeed, her amended complaint only contends that she "was retaliated against, harassed, followed around." Doc. 10 at 1.  Furthermore, in answer to the questionnaire, Plaintiff offers no additional facts in support of her retaliation claim. Doc. 12 at 6.  Thus, her assertion of retaliation is merely a label and does not suffice to state a claim under Title VII.  *See Iqbal,* 129 S.Ct. at 1949 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement.") (quotations and quoted case omitted); *Landavazo v. Toro Co.*, 301 F. App'x. 333, 336 (5th Cir. 2008) (unpublished) (affirming dismissal of employment discrimination complaint for failure to state a claim because allegations were conclusory and provided no notice of acts giving rise to the action).

In summary, while the amended complaint makes the legal conclusion that Defendant discriminated and retaliated against Plaintiff because of her race, the factual allegations fail to support this conclusion and instead appear to be nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937; *see also Richards v. JRK Property Holdings,* 405 F. App'x. 829, 831 (5th Cir. 2010) (affirming dismissal of Title VII discrimination and retaliation claims that were not plausible on their face and concluding that plaintiff's "assertion of racial discrimination is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss").

Moreover, Plaintiff's allegations in response to the Court's questionnaire that people entered her apartment to take important documents, her TV was tampered with, she was followed around, her license number was copied, her checking account was tampered with, her picture was taken at a laundromat, her landline and cell phone were wire tapped, and the cable man aimed the cable monitor at her face and tampered with every TV in her sister's house, Doc. 10 at 2, describe fantastic or delusional scenarios that are clearly irrational and incredible. *Denton,* 504 U.S. at 33. Accordingly, the above claims are clearly baseless and should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend the complaint prior to dismissal, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded his

'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). In this instance, Plaintiff filed an amended complaint and the Court also attempted to ascertain the basis of her claims by issuing a questionnaire. Her claims, nevertheless, are fatally infirm. Thus, granting further leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

SIGNED January 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE